**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LEONARD MOORE,**
                **Plaintiff,**

-vs-                                                **Case No. 6:07-cv-868-Orl-19UAM**

**JAL CHEMICAL CO., INC.,**
**JOHN A. TRICOLI, III,**
**d/b/a Teph Seal Auto Appearance,**
                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 27)**
>
> **FILED:**    **August 21, 2007**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiff and Defendants jointly move the Court to approve their settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.

    The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement is a fair and reasonable resolution of a bona fide dispute. The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client. The Court finds the proposed settlement of

payment to Plaintiff of $1,657.90 for back wages and $1,657.89 for liquidated damages, and payment of $3,500 to Plaintiff's counsel in exchange for Plaintiff's release of claims and dismissal of the action with prejudice to be fair and reasonable.

Although the title of the motion includes a request to enter a stipulated final judgment, the parties do not attach a stipulated judgment. The settlement agreement provides only that the parties agree "for the Court to enter a final judgment dismissing the case with prejudice, including all claims and all counterclaims which were or may have been brought. . . ." Doc. 29-2 at ¶ 2.

The settlement agreement also contains a provision that the agreement may be enforced "by any court having jurisdiction." Doc. 29-2 at ¶ 17. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order. As the parties agree that any breach of the agreement is to be determined by applicable Florida law, and because breach of the agreement would not involve any federal claim, the Court should not retain jurisdiction to enforce the settlement agreement.

**IT IS RECOMMENDED THAT**:

1.   The Court grant the motion to approve the settlement only to the extent that it is a fair and reasonable resolution of a bona fide dispute; and

2.   The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 19, 2007.

*Donald P. Dietrich*
DONALD P. DIETRICH
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Patricia C. Fawsett